UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ALOHA DOG AND CAT HOSPITAL,
P.C., *et al.*,

               Plaintiff,                              Civil No. 08-927-PK

          v.                                    O R D E R

STANDARD RETIREMENT
SERVICES, INC.,

               Defendant.


HAGGERTY, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [52] in this action. The

Magistrate Judge recommended granting defendants' summary judgment motion [35] as to the

breach of fiduciary duty claim and denied as to the breach of contract claim.

      Both parties have filed objections to portions of this Findings and Recommendation.

When a party objects to any portion of the Magistrate Judge's Findings and Recommendation,

the district court must make a *de novo* determination of that portion of the Magistrate's report.

28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981).

ORDER -- 1

The court has given the file of this case a *de novo* review, carefully evaluating the Magistrate Judge's Findings and Recommendations, the objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety.

**ANALYSIS**

The Magistrate Judge reviewed the relevant facts in this matter, and these need only brief summary.  Plaintiffs consist of Dr. Douglas Gribskov and his veterinary hospital Aloha Dog & Cat Hospital, P.C. (Aloha, or collectively, plaintiffs).  Plaintiffs are suing defendant Standard Retirement Services, Inc. (defendant, or SRS), claiming breach of contract, and breach of fiduciary duty under the Employee Retirement and Investment Security Act (ERISA). Defendant is the successor entity to Cascade Pension Services, and – more recently – Invesmart, which had been retained to provide third-party administrative services for plaintiffs' retirement plans for employees.  Prior to 2005, there are no fully integrated writings that provide the terms of agreement between plaintiffs and the third-party administrative service provider (provider). As detailed ably in the Findings and Recommendation, plaintiffs and defendant dispute whether the provider was obligated to review plaintiffs' plan assets, advise plaintiffs of bonding requirements, and serve as a fiduciary under ERISA.  Plaintiffs sued the provider's successor, asserting that (1) the provider should be construed as an ERISA fiduciary because it exercised discretionary authority over the administration of the retirement plan by advising plaintiffs about waiving certain annual filing requirements and assisted in that waiver's paperwork, and (2) the provider breached its contract with plaintiffs.

The Magistrate Judge recommended granting summary judgment to defendant on the fiduciary duty claim, but allowing the breach of contract claim to proceed.  Both parties have filed objections.

Plaintiffs object to the recommendation that defendant is entitled to summary judgment on plaintiffs' fiduciary duty claim. The Findings and Recommendation concluded that the provider's alleged discretionary authority and control is linked to its preparation of the paperwork for an underlying waiver and a summary report. Findings and Recommendation at 15.

The conclusion granting summary judgment is derived from the law's recognition that preparing forms and reports "based on information provided to a third party administrator are ministerial tasks that do not create fiduciary liability." Findings and Recommendation at 15 (citing *CSA 401 (K) Plan*, 195 F.3d 1135, 1139 (9th Cir. 1999)).

Plaintiffs object, asserting that the provider took on more than mere ministerial duties. Plaintiffs argue that the provider assured plaintiffs that it would perform an evaluation of plan assets. This task required the provider to evaluate whether plan assets were qualifying assets under ERISA's standards for waivers. Plaintiffs argue that the completion of the related paperwork is evidence that the provider undertook independent examinations of plaintiffs' assets. At the very least, plaintiffs assert, an issue of material fact exists regarding whether the provider's annual "assurance" to plaintiffs beginning in 2001 that the provider would review assets and advise plaintiffs of any additional bonding or reporting requirements gave the provider discretionary authority.

The Findings and Recommendation concluded properly that the provider's offer to review assets and advise of any additional bonding or reporting requirements, and its performance of same, falls within the scope of ministerial functions. The review contemplated and performed by the provider in these circumstances is not an exercise of discretionary control over assets or the plan itself. The provider's conduct lacked any degree of actual management or direction of the assets, and cannot be said to have invoked any fiduciary duties.

ORDER -- 3

Defendant objects to the Findings and Recommendation's conclusion that the parties' dispute over the meaning and scope of the agreements between plaintiffs and the provider raise issues of fact that preclude summary judgment against plaintiff's remaining breach of contract claim. The Magistrate Judge found the terms of the agreements at issue to be ambiguous. Findings and Recommendation at 12-13. The Magistrate Judge determined that both sides presented plausible interpretations regarding the scope of contractual obligations, and that issues of fact precluded resolving plaintiff's contract breach claim on summary judgment. Findings and Recommendation at 14.

This conclusion is proper, sound, and adopted. Defendant's objections reiterate its prior assertions that plaintiffs' interpretations of the contractual relationship existing with the provider are unreasonable, and that after applying defendant's preferred definitions to certain critical terms, defendant's interpretations should prevail. These objections are overruled. Defendant's arguments confirm that this breach claim cannot be resolved as a matter of law at this stage.

Because defendant takes exception to the manner in which the Findings and Recommendation rejected defendant's prior arguments that an integration clause in plaintiffs' 2005 written contract with the provider supports summary judgment for defendant, this objection is addressed specifically. The Magistrate Judge's rejection of this argument was correct. The integration clause provides no illumination upon the ambiguity that is the basis for denying summary judgment, because the 2005 written agreement (with which prior agreements between plaintiffs and the provider may be integrated) fails to define or resolve the ambiguities recognized in the relationship between plaintiffs and the provider. Moreover, the terms agreed to in 2005 would not necessarily extinguish valid breach claims arising from conduct prior to 2005. Defendant's objections are overruled.

ORDER -- 4

**CONCLUSION**

The Findings and Recommendation and the record has been scrutinized under a *de novo* review by this court.  The Findings and Recommendation [52] in this action is adopted. Defendants' summary judgment motion [35] is granted as to the breach of fiduciary duty claim and denied as to the breach of contract claim.

IT IS SO ORDERED.

Dated this   16   day of December, 2010.


                                        /s/ Ancer L. Haggerty
                                    Ancer L. Haggerty
                                    United States District Judge