

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALOHA DOG AND CAT HOSPITAL,
P.C., et al.,

        Plaintiffs,

v.

CV 08-927-PK

FINDINGS AND
RECOMMENDATION

STANDARD RETIREMENT
SERVICES, INC.,

        Defendant.

PAPAK, Judge:

       Plaintiffs Dr. Douglas Gribskov ("Gribskov"), and his veterinary hospital Aloha Dog &
Cat Hospital, P.C. ("Aloha") brought suit against defendant Standard Retirement Services, Inc.
("SRS") for breach of fiduciary duty under the Employee Retirement Security Act ("ERISA"), 29
U.S.C. §1104, and for breach of contract. This court previously entered summary judgment for

Page 1 - FINDINGS AND RECOMMENDATION

defendant on the ERISA claim. Now before the court is defendant's motion to dismiss plaintiffs' breach of contract claim for lack of subject matter jurisdiction. (#63.) For the reasons stated below, defendant's motion should be denied.

## BACKGROUND

Plaintiffs originally filed this action alleging a state law breach of contract claim and an ERISA breach of fiduciary duty claim. Defendant moved for summary judgment on both of plaintiffs' claims, and on September 3, 2010, this court recommended granting summary judgment on the ERISA breach of fiduciary duty claim, but denying summary judgment on the state law breach of contract claim. (#54.) The district court adopted this court's Findings and Recommendation in full, over objections from plaintiffs and defendant. (#60.) On December 27, 2010, this court held a status conference in chambers at the request of the parties. (#62.) During that conference, defendant expressed its intent to file a motion to dismiss the remaining breach of contract claim for lack of supplemental jurisdiction, since the federal law ERISA claim had been dismissed. The plaintiffs stated that they hoped to appeal the summary judgment decision to the Ninth Circuit, and thus, did not wish to proceed towards trial on the breach of contract claim until the appeal was resolved. This court raised the possibility that plaintiffs stipulate to a dismissal without prejudice of their breach of contract claim and pursue a direct appeal of the summary judgment ruling. The status conference ended with the shared expectation that plaintiffs would stipulate to a dismissal without prejudice of the breach of contract claim in January 2011. No such stipulation materialized, and on February 25, 2011, defendant filed a motion to dismiss the breach of contract claim for lack of subject matter jurisdiction. (#63.)

This court held another conference on May 4, 2011 during which plaintiffs explained that they had changed their position since the previous conference now seek to proceed to trial on the breach of contract claim.

## LEGAL STANDARD

Supplemental jurisdiction exists where state law claims are so related to claims over which the court has federal question jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they "derive from a common nucleus of operative fact ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In the Ninth Circuit, the exercise of supplemental jurisdiction by a federal district court is discretionary, provided the case falls under one of the four enumerated circumstances set out in 28 U.S.C. § 1367(c). *Exec. Software N. Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008). One of these circumstances is if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

## DISCUSSION

Plaintiffs argue that this court should exercise its discretion under 28 U.S.C. §1367(c) to keep the breach of contract claim in federal court. Plaintiffs contend the values of economy, convenience, fairness, and comity favor continuing in federal court, since the parties have already completed discovery and have nearly prepared their cases for trial, remanding to state court would require repetition of pleading and discovery, plaintiff is financially weaker than defendant,

and the breach of contract claim involves no new issues of Oregon law. Defendant, by contrast, urges the court not to exercise its jurisdiction over plaintiffs' breach of contract claim because cases such as this one, which have no imminent trial date, are best adjudicated in state court. I find that the values of economy, convenience, fairness, and comity favor exercising supplemental jurisdiction over plaintiffs' breach of contract claim.

As an initial matter, supplemental jurisdiction clearly exists for the breach of contract claim. That claim is part of the same case or controversy as the now-dismissed ERISA claim. Both involved defendant's alleged failure to provide certain third-party administrative services for plaintiffs' retirement plan. Moreover, this court has already dismissed the ERISA claim, the only one over which it had original jurisdiction. Thus, the only remaining question is whether this court should exercise supplemental jurisdiction over the breach of contract claim.

The decision whether to decline jurisdiction under § 1367(c)(3) is "informed by the *Gibbs* values of economy, convenience, fairness and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (citations omitted). "[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors . . . judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000). In particular, when federal law claims are "eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. By contrast, dismissing a state law claim may be an abuse of discretion when that claim has proceeded in federal court for a long period and the parties are

Page 4 - FINDINGS AND RECOMMENDATION

"essentially done with trial preparation." *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (dismissal of state law claim a year after the court granted leave to add it and seven days before trial was unfair to the parties and an inefficient use of judicial resources).

Here, I agree with plaintiffs that the values of economy, convenience, fairness and comity support exercising supplemental jurisdiction over their breach of contract claim. Regarding economy and convenience, this court already has some familiarity with the plaintiffs' breach of contract claim, which was analyzed at some length in a previous Findings and Recommendation. (#52); *see Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (retaining supplemental jurisdiction over state law claims that remained after grant of summary judgment advanced judicial economy and convenience to the parties). Moreover, dismissing this case would likely result in an inefficient replication of pleading and discovery in state court, which would also delay proceedings. Further, plaintiffs submits that although a trial date has not been set, both parties are prepared or nearly prepared for trial. Thus, declining to exercise jurisdiction at this late stage would likely cause significant inconvenience and expense for both parties. Finally, since plaintiffs' breach of contract claim involves a straightforward matter of state law, retaining jurisdiction does not display a lack of comity to Oregon state courts. Accordingly, this court should retain supplemental jurisdiction over plaintiffs' breach of contract claim.

//

//

//

//

Page 5 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiffs' breach of contract claim for lack of subject matter jurisdiction (#63) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 10th day of May, 2011.

Honorable Paul Papak
United States Magistrate Judge