UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALOHA DOG AND CAT HOSPITAL,
P.C., *et al.*,

       Plaintiff,

v.

STANDARD RETIREMENT
SERVICES, INC.,

       Defendant.

Civil No. 08-927-PK

O R D E R

HAGGERTY, District Judge:

Magistrate Judge Papak issued a second Findings and Recommendation [69] in this action. The Magistrate Judge recommended denying defendants' motion [63] to dismiss plaintiff's breach of contract claim for lack of subject matter jurisdiction.

Defendant has filed objections to this Findings and Recommendation. When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

ORDER -- 1

The court has given the file of this case a *de novo* review, carefully evaluating the Magistrate Judge's Findings and Recommendations, defendant's objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety.

**ANALYSIS**

The Magistrate Judge has issued two substantive Findings and Recommendations in this matter, and the parties and this court are familiar with the facts and issues presented. As reviewed previously, plaintiffs consist of Dr. Douglas Gribskov and his veterinary hospital Aloha Dog & Cat Hospital, P.C. (collectively, plaintiffs). Plaintiffs sued defendant Standard Retirement Services, Inc. (defendant) for breach of contract and for breach of fiduciary duty under the Employee Retirement and Investment Security Act (ERISA). Defendant is the successor entity to Cascade Pension Services, and – more recently – Invesmart, which had been retained to provide third-party administrative services for plaintiffs' retirement plans for employees.

Summary judgment was granted to defendant on the federal ERISA claim in late 2010. Defendant subsequently has moved to dismiss plaintiff's breach of contract claim on grounds that subject matter jurisdiction is lacking.

As the Magistrate Judge reviewed thoroughly, the exercise of supplemental jurisdiction – as is applicable here – is discretionary. Findings and Recommendation at 3. The doctrine of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. §

ORDER -- 2

1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)"). Under that statute, district courts may also decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims that the district court had original jurisdiction, or if exceptional circumstances or compelling reasons exist for declining jurisdiction. 28 U.S.C. § 1367(c). The Supreme Court has opined that a court's discretion to exercise supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 715; *see also Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992).

       Here, the Magistrate Judge concluded that "supplemental jurisdiction clearly exists for the breach of contract claim" and that "the values of economy, convenience, fairness and comity support exercising supplemental jurisdiction" that claim. Findings and Recommendation at 4-5. The Magistrate Judge acknowledged that the breach of contract claim already has been "analyzed at some length," and that dismissal "would likely result in an inefficient replication of pleading and discovery in state court, which would also delay proceedings." *Id*. at 5.

       Defendant objects, asserting that "case law suggests that the default position for the federal judge is to decline to exercise supplemental jurisdiction unless he or she can articulate reasons why the action does not fall within the 'usual case' in which dismissal is appropriate." Objections at 9 (quotation and citation omitted). Despite acknowledging that the exercise of supplemental jurisdiction is discretionary, defendant argues that in cases in which all federal claims have been disposed of, retaining jurisdiction is generally viewed as unwarranted. *Id*. at 3-4 (citations omitted).

ORDER -- 3

Defendant's objections are overruled. Defendant's arguments amount to an attempt to abridge the scope of the discretion to exercise supplemental jurisdiction that this court plainly enjoys. The Ninth Circuit in *Acri* spoke directly to this:

> a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c) – as it has always had under *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). That state law claims "*should*" be dismissed if federal claims are dismissed before trial, as *Gibbs* instructs, has never meant that they *must* be dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Even more clearly under the statutory scheme, while courts "shall" have supplemental jurisdiction under § 1367(a), they "may" decline to exercise it under § 1367(c). Thus, while a district court must be sure that it has federal jurisdiction under § 1367(a), once it is satisfied that the power to resolve state law claims exists, the court is not required to make a § 1367(c) analysis unless asked to do so by a party.

*Acri*, 114 F.3d at 1000 (some citations omitted; emphasis in original).

The *Acri* court relied upon the well-established discretion to "keep, or decline to keep" state law claims in determining that a court was never required to undertake a § 1367(c) analysis *sua sponte*. Defendant's efforts to limit the discretion to "keep" only those state law claims that arise in "unusual" cases are rejected.

The *Acri* court also emphasized "that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." *Id*. at 1001. The Magistrate Judge in this case bore that responsibility in compelling fashion. As the Findings and Recommendation recognized, this court's thorough familiarity with the facts of this case, and with the contours of plaintiffs' breach of contract claim specifically, bolsters the values of economy, convenience, and fairness. Findings and Recommendation at 5. As the Findings and Recommendation also recognized, dismissal would likely trigger inefficient replication of pleading and trial preparation in state court. *Id*.

ORDER -- 4

The Magistrate Judge's careful analysis of the balance of applicable factors was fully informed by the values of economy, convenience, fairness, and comity recognized by the Supreme Court. *Gibbs*, 383 U.S. at 715. This deliberative analysis was both proper and convincing. Defendant's objections present an interpretation of precedential and statutory authorities that ultimately amounts to an improper restriction of the court's opportunity to exercise discretionary supplemental jurisdiction to "unusual" cases. Accordingly, those objections are overruled.

**CONCLUSION**

The Findings and Recommendation and the record has been scrutinized under *de novo* review by this court. The Findings and Recommendation [69] in this action is adopted. Defendant's motion [63] to dismiss plaintiff's breach of contract claim for lack of subject matter jurisdiction is denied.

IT IS SO ORDERED.

Dated this 20th day of June, 2011.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge